UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRANS ATLANTIC AIRLINES, INC.,

     Plaintiff,

  - against -

KAMBI TRAVEL INTERNATIONAL, et al.,

     Defendants.

OPINION AND ORDER

05 Civ. 2552 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Trans Atlantic Airlines, Inc. ("Trans Atlantic"), filed this action on March 3, 2005, against two defendants: Kambi Travel International, Inc. ("Kambi"), and Patricia Brown ("Brown"), on March 3, 2005. The parties appeared before the Honorable John G. Koeltl, and consented, pursuant to 28 U.S.C. § 636(c) to conduct all further proceedings, including trial, before the undersigned. Pending before the Court is a motion to dismiss the complaint for failure to state a claim, and for change of venue. For the reasons which follow, the motion is **DENIED**.

## II. BACKGROUND

Trans Atlantic, an international airline carrier, alleges that it provided defendants with seven hundred tickets pursuant to an agreement. It maintains that defendants have 1) failed to pay for these tickets, and 2) fraudulently requested refunds from processed ticket sales. It seeks payment, and an accounting from defendants.

On July 11, 2005, defendants filed a *pro se* motion to dismiss, asserting that they do not owe any money to Trans Atlantic, and requesting that the case be transferred to the District of Maryland because the underlying transactions took place there.

## III. DISCUSSION

**A.  Kambi Cannot Appear *Pro Se* in this Court**

Kambi, a travel agency, is a corporate defendant. As a corporation, Kambi cannot appear in this Court without counsel. **Jacob v. Patent Enforcement Trust Fund, Inc.**, 230 F.3d 565, 568-69 (2d Cir. 2000). The Court may dismiss a motion if it purports to be made on behalf of a *pro se* corporate defendant. **Wilen v. Alternative Media Net, Inc.**, 2005 WL 167589, at *1-2 (S.D.N.Y. Jan. 26, 2005). Since the instant motion was filed by defendants as *pro se* litigants, it cannot be considered on behalf of Kambi. The Court will consider the motion to dismiss only with respect to Brown, the individual defendant.

**B.  Brown's Motion to Dismiss**

When considering a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, the Court "must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." **Bernheim v. Litt**, 79 F.3d 318, 321 (2d Cir. 1996). However, "[d]ismissal for failure to state a claim is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Smith v. Local 819 I.B.T. Pension Plan**, 291 F.3d 236, 240 (2d Cir. 2002).

The record, and the parties arguments indicate that there are material disputes of fact concerning 1) the agreement between the parties, and 2) payment for Trans Atlantic's tickets. The motion to dismiss is, therefore, **DENIED**.

**C.  Venue is Proper in this District**

Brown's motion contends that venue is not proper in this district because the underlying

ticket sales allegedly took place in Maryland. The Court does not agree.

In determining venue, the Court has broad discretion, and may consider a number of factor including: "(1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." **Fischer v. Hopkins**, 2003 WL 102845, at *4 (S.D.N.Y. Jan. 9, 2003). Trans Atlantic's complaint maintains venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because 1) a substantial part of the underlying transactions took place in this district, and 2) its principal place of business is 132 Nassau Street, New York, New York. Trans Atlantic's "choice of forum is accorded great weight," **Savoy Owners Associates, Inc. v. Insurance Corp. of New York**, 2003 WL 941098, at *2 (S.D.N.Y. Mar. 6, 2003). Since Brown has failed to make a showing that special circumstances exist to mandate transfer, venue is proper in this district.

### IV. CONCLUSION

For the reasons herein, defendants' motion to dismiss Trans Atlantic's complaint, and for change of venue is hereby **DENIED**.

**SO ORDERED this 6th day of March 2006**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

3