UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRANS ATLANTIC AIRLINES, INC.,

                Plaintiff,

- against -

KAMBI TRAVEL INTERNATIONAL, et al.,

                Defendants.

**OPINION AND ORDER**

**05 Civ. 2552 (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Trans Atlantic Airlines, Inc. ("Trans Atlantic"), an international airline carrier, filed this action on March 3, 2005, against Kambi Travel International, Inc., and Patricia Brown, for money owed pursuant to an agreement between the parties concerning the sale of airline tickets. Pending before the Court is Trans Atlantic's motion, pursuant to Rule 55(a), Federal Rules of Civil Procedure, for 1) default judgment against defendants, and 2) for a judgment, entered against defendants, in the amount of $749,441.01. For the reasons which follow, default judgment is **GRANTED** in favor of Trans Atlantic, and against defendants. Trans Atlantic is directed to file a memorandum, affidavit, and any other documentation on the issue of damages.

## II. BACKGROUND

Trans Atlantic alleges that it provided defendants with seven hundred tickets. It maintains that defendants have 1) failed to pay for these tickets, and 2) fraudulently requested refunds from processed ticket sales. It seeks payment, and an accounting from defendants. The record indicates that Trans Atlantic served the summons and complaint on defendants on June 16, 2005. Defendants have not answered the complaint and the time for them to answer has

expired.

On September 28, 2005, counsel for defendants appeared at a conference before the Honorable John G. Koeltl, and consented, pursuant to 28 U.S.C. § 636(c) to conduct all further proceedings, including trial, before the undersigned.

The Court held a conference on November 15, 2005, at which defendants failed to appear. On November 15, 2005, the Court ordered counsel for defendants to submit a letter setting forth the reason for his failure to appear, and ordered the parties to appear for a conference on January 10, 2006. Defendants failed to comply with the November 15 Order, and did not appear at the January 10 conference.

On January 10 the Court directed defendants to show cause why default judgment should not be granted in favor of Trans Atlantic, and against defendants for failing to appear at November 15 and January 10 conferences, and for not complying with the November 15 Order. To date, defendants have failed to respond or to otherwise communicate with the Court.

On March 2, 2006, the Court granted Trans Atlantic leave to file a motion for default judgment. Trans Atlantic filed its motion on April 10, 2006, seeking the entry of default judgment against defendants, and a judgment of $749,441.01.

### III. DISCUSSION

**1.    Legal Standard for Default Judgment**

The Court may enter a default judgment, pursuant to Rule 55(a) upon the filing of an application for the entry of judgment. Trans Atlantic must provide notice of the application and give defendants an opportunity to show cause to the Court why a default should not be entered. The Court considers three factors in deciding a motion for default judgment: 1) "whether the

defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." **Mason Tenders Dist. Council v. Duce Constr. Corp.**, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). These factors all militate in favor of granting Trans Atlantic's motion. First, defendants have consistently failed to appear and to respond to the Court's orders. This conduct is willful. Secondly, since defendants have failed to answer the complaint, they have not presented any defense. Trans Atlantic's allegations are, therefore, deemed admitted. **Bambu Sales, Inc. v. Ozak Trading Inc.**, 58 F.3d 849, 854 (2d Cir. 1995). Finally, the Court finds that denying this motion would be unfairly prejudicial to Trans Atlantic because defendants have consistently failed to appear and respond.

Since defendants have failed to plead or defend as required by the Federal Rules of Civil Procedure, the Court may enter their default. Rule 55(a); **Meehan v. Snow**, 652 F.2d 274, 276 (2d Cir. 1981). Here, the grounds for a default judgment are established because defendants have not complied with the Court's orders, and have failed to answer the complaint or otherwise appear. Accordingly, the Court finds that a default judgment against defendants is warranted, and Trans Atlantic's motion is **GRANTED**.

**2.        Damages on Default**

Trans Atlantic asks the Court for a judgment, entered against defendants, in the amount of $749,441.01. Although defendants' default amounts to an admission of liability, and all the well-pleaded allegations in the complaint pertaining to liability are deemed true, **Bambu Sales**, 58 F.3d at 854, Trans Atlantic must prove its damages. **Credit Lyonnais Sec., Inc. v. Alcantara**, 183 F.3d 151, 155 (2d Cir. 1999); Rule 55(b)(2). Trans Atlantic's counsel filed an affidavit in

support of its request for a judgment. The representations of counsel are not adequate to establish Trans Atlantic's damages.

### III. CONCLUSION

For the foregoing reasons, Trans Atlantic's motion for default judgment against defendants is **GRANTED**. Trans Atlantic is directed to file a memorandum, affidavit, and any other documentation on the issue of damages by May 1, 2006.

**SO ORDERED this 17th day of April 2006**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge