UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRANS ATLANTIC AIRLINES, INC.,

          Plaintiff,

- against -

KAMBI TRAVEL INTERNATIONAL, et al.,

          Defendants.

**OPINION AND ORDER**

**05 Civ. 2552 (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Trans Atlantic Airlines, Inc. ("Trans Atlantic"), an international airline carrier, filed this action on March 3, 2005, against Kambi Travel International, Inc. ("Kambi"), and Patricia Brown ("Brown"), for money owed pursuant to an agreement between the parties concerning the sale of airline tickets. Pending before the Court is Trans Atlantic's application for an award of damages. For the reasons which follow, Trans Atlantic's application for damages is **GRANTED**, and a judgment shall be entered in favor of Trans Atlantic, and against defendants, in the amount of $589,166.15 with interest at the rate of nine per cent per annum.

## II. BACKGROUND

Brown is a principal of Kambi, a travel agency. Defendants have failed to appear or defend in this action, and have been adjudged in default by the Court in an Opinion and Order dated April 17, 2006. Thus, defendants' liability is established on the well-pleaded allegations of the complaint. *See* **Bambu Sales, Inc. v. Ozak Trading Inc.**, 58 F.3d 849, 854 (2d Cir. 1995). While a default judgment constitutes an admission of liability, the amount of damages "remains to be established by proof unless the amount is liquidated or susceptible of mathematical

computation." **DIRECTV v. Hamilton**, 215 F.R.D. 460, 462 (S.D.N.Y. 2003) (citation omitted). Trans Atlantic must therefore prove its damages. **Credit Lyonnais Sec., Inc. v. Alcantara**, 183 F.3d 151, 155 (2d Cir. 1999); Rule 55(b)(2). "In determining damages not susceptible to simple mathematical calculations, a court has the discretion to reply on detailed affidavits or documentary evidence in lieu of an evidentiary hearing." **Id**. (citation omitted).

Trans Atlantic alleges that it provided defendants with seven hundred tickets. It maintains that defendants failed to pay for these tickets and fraudulently requested refunds from processed ticket sales. In support of its application for damages, Trans Atlantic filed 1) an affidavit of damages from Chief Innocent Njoku ("Njoku Aff."), its director, setting forth the damages it seeks; 2) the agreement governing the underlying transaction between the parties; and 3) various other relevant documents.

### III. DISCUSSION

**A.     Computation of Damages**

Damages for breach of contract are determined by calculating the "amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." **Indu Craft, Inc. v. Bank of Baroda**, 47 F.3d 490, 495 (2d Cir. 1995); **Adams v. Lindblad Travel, Inc.**, 730 F.2d 89, 92 (2d Cir. 1984). Trans Atlantic's submissions indicate that the parties entered into an agreement on September 19, 2003, concerning the sale of airline tickets. Njoku Aff. at Exh. A. Pursuant to this agreement, defendants purchased seven hundred airline tickets for $729,300. **Id**. at Exh. B. Defendants paid Trans Atlantic $150,000 on November 4, 2003, and $30,000 on December 13, 2003. **Id**. at Exh. C. Thus, defendants owed Trans Atlantic $549,000 on the contract of sale.

Trans Atlantic maintains that defendants fraudulently obtained a refund of $39,766.15. **Id**. at Exh. D. Since defendants have failed to appear, Trans Atlantic's allegation that this refund was fraudulently obtained is uncontested. Moreover, defendants' liability is established on the well-pleaded allegations of the complaint, **Bambu Sales**, 58 F.3d at 854. Trans Atlantic's allegations concerning the fraudulent refund are therefore assumed to be true. When the fraudulent refunds are included, defendants owe Trans Atlantic $589,166.15.

**B.     Prejudgment Interest Rate**

Trans Atlantic asks the Court to award prejudgment interest at a rate of nine per cent per annum. Under New York State law, which governs this diversity action, "a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right." **United States Naval Inst. v. Charter Communications, Inc.**, 936 F.2d 692, 698 (2d Cir. 1991). "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract," New York Civil Practice Law and Rules ("N.Y.C.P.L.R.") § 5001(a), and "[it] shall be computed from the earliest ascertainable date the cause of action existed." N.Y.C.P.L.R. § 5001(b). Interest is calculated at the New York State statutory rate of nine percent per annum, N.Y.C.P.L.R. § 5004, unless the agreement contract provides a different rate. **Nuera Communications v. Telron Communications USA, Inc.**, 2002 WL 31778796, at *3 (S.D.N.Y. Nov. 15, 2002). Here, the agreement between the parties does not contain an interest rate provision, or otherwise specify an interest rate. The Court is afforded wide latitude and discretion in its selection of the appropriate interest rate to be applied. **Conway v. Icahn & Co.**, 16 F.3d 504, 512 (2d Cir. 1994). Trans Atlantic's proposed interest rate, which is authorized by New York State law, is therefore **GRANTED**.

## III. CONCLUSION

For the foregoing reasons, Trans Atlantic's application for damages is **GRANTED**, and a judgment shall be entered in favor of Trans Atlantic, and against defendants, in the amount of $589,166.15 with interest at the rate of nine per cent per annum.

**SO ORDERED this 12th day of May 2006**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**